IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT M. VAN HYNING,** ) |
| ) |
| Plaintiff, ) |
| ) |
| v. ) **Case No. 12-4129-RDR** |
| ) |
| **UNITED STATES DEPARTMENT OF** ) |
| **VETERANS AFFAIRS,** ) |
| ) |
| Defendant. ) |

## MEMORANDUM AND ORDER

This matter is presently before the court upon the motion of defendants United States Department of Veterans Affairs and the Veterans Affairs Medical Center to dismiss for insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(5). In addition, the court has in the past ordered plaintiff to show cause why this case should not be dismissed pursuant to Fed.R.Civ.P. 4(m) for his failure to serve the defendants within 120 days after filing the case. Plaintiff has failed to respond to this order. The court is now prepared to rule on these matters.

I.

Some review of the history of this case is necessary to understand the present circumstances. Plaintiff, proceeding pro se, filed a complaint on October 1, 2012. He named the following defendants: Secretary of the Department of Veterans Affairs, five individual defendants, and unnamed administrators at the Veterans

Affairs Medical Center in Topeka. He asserted claims under the Federal Tort Claims Act. He initially sought leave to proceed in forma pauperis and appointment of counsel. After his request to proceed in forma pauperis was denied, he paid the requisite filing fee.

On February 12, 2013, Magistrate Sebelius ordered plaintiff to show cause why this case should not be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m). Magistrate Sebelius noted that plaintiff had failed to make service upon any of the defendants within 120 days. On February 15, 2013, Ira Dennis Hawver entered an appearance on behalf of plaintiff. He also filed a motion to amend the complaint. This motion was granted by Magistrate Sebelius on February 19, 2013. The amended complaint listed only one defendant: the United States Department of Veterans Affairs. Given the recent activity by the plaintiff, the court did not dismiss plaintiff's case even though service had yet to be effected.

The docket sheet reflects that nothing occurred from March to August, 2013. On August 12, 2013, the court again directed plaintiff to show cause why this case should not be dismissed without prejudice pursuant to Rule 4(m). On August 19, 2013, plaintiff's counsel filed a document indicating that summons had been issued by the clerk of the court on February 20, 2013 to the United States Department of Veterans Affairs in Washington, D.C., and returned as served by certified mail on March 22, 2013. Plaintiff's counsel offered no

further explanation in response to the court's order to show cause.

On August 29, 2013, plaintiff filed a pro se motion to terminate his counsel. On September 6, 2013, defendant United States Department of Veterans Affairs filed the instant motion to dismiss. The court granted plaintiff's motion on September 18, 2013, and terminated Mr. Hawver's representation. The court informed plaintiff in that order that he would be responsible for responding to all pending matters. The time period for responding to the defendant's motion has passed, and the court has heard nothing from the plaintiff.

## II.

In its motion, the Department of Veterans Affairs contends that plaintiff has not properly effected service upon it. It points out that plaintiff has not complied with Fed.R.Civ.P. 4(i) because no summons has been served on the United States Attorney General or the United States Attorney's Office in this district.

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient under Rule 4. See Nicks v. Brewer, 2010 WL 4868172 at * 4 (D.Kan. Nov. 23, 2010). The plaintiff has the burden of showing by a preponderance of the evidence that jurisdiction is proper. United States ex rel. Stone v. Rockwell Int'l Corp., 282 F.3d 787, 797 (10th Cir. 2002).

Fed.R.Civ.P. 4(i)(1) governs service of process on the United States and its agencies. To serve the United States or its agencies, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail To the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed.R.Civ.P. 4(i)(1)(A)-(C).

Counsel for the defendant points out that the record reflects that plaintiff has served only the Department of Veterans Affairs. There is no record that he ever served either the United States Attorney General or the United States Attorney's Office for this district.

The court is reluctant to dismiss a case on this basis, but the present state of record requires such an action. For most of this case, plaintiff has been represented by counsel and he has taken no steps to complete the required service of process. Moreover,

4

plaintiff who is now proceeding pro se has had an opportunity to respond to the instant motion and has failed to do so. This case has been pending for over a year, and the amended complaint has been on file for over seven months. During that period, plaintiff has taken no action to properly serve the defendant. Accordingly, the court shall grant defendant's motion and dismiss this case for insufficient service of process.

III.

The court shall also dismiss this case pursuant to Rule 4(m). Rule 4(m) provides as follows:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed.R.Civ.P. 4(m).

The court notes plaintiff has never responded to the court's order to show cause why this action should not be dismissed pursuant to Rule 4(m). Plaintiff has made no showing of good cause for his failure to timely effect service on the defendant. Thus, the court believes that dismissal without prejudice is required.

5

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 21) be hereby granted.  The court shall dismiss plaintiff's amended complaint without prejudice pursuant to Fed.R.Civ.P. 12(b)(5) for insufficient service of process.

**IT IS FURTHER ORDERED** that this action be hereby dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m) for plaintiff's failure to serve the defendant within 120 days of the date of the filing of the amended complaint.

**IT IS SO ORDERED.**

Dated this 2nd day of October, 2013, at Topeka, Kansas.

*s/ Richard D. Rogers*
United States District Judge